IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLY DANIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. _____ |
| PROCOLLECT, INC., | ) ) ) |
| Defendant. | ) ) |

**COMMPLAINT**

*Introduction*

1. The plaintiff, a resident of Nashville, Davidson County, Tennessee, seeks to recover damages for harm caused by the conduct of the defendant in violation of the Fair Debt Collection Practices act.

*Jurisdiction and Venue*

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 (federal question). The occurrences which gave rise to this case occurred in Davidson County, Tennessee.

*Parties*

3. The plaintiff, Ashly Daniel, is a resident of Nashville, Davidson County, Tennessee.

4. The defendant, ProCollect, Inc., is a collection agency headquartered and located in Dallas, Texas. The defendant is a debt collector which collects or attempts to collect debt from consumers in various states, including the state of Tennessee.

*Statement of Facts*

5. In early 2012 the defendant undertook the collection of a debt from the plaintiff, placed with it for collection by a former landlord of the plaintiff, Vantage Pointe at Franklin Heights.

6. In furtherance of its effort to collect the debt from defendant, the plaintiff placed numerous telephone calls to the defendant.

7. The plaintiff had been sued through a local law firm in Nashville for the indebtedness owed to Vantage Pointe, and a judgment had been entered on that debt on January 27, 2012. The plaintiff had set up a payment arrangement with the law firm for payment of that debt, and she was paying regularly pursuant to that arrangement.

8. On June 7, 2012 the plaintiff through her counsel sent a letter to the defendant, disputing that the defendant should be collecting the indebtedness and also demanding that the defendant have no further direct contact with the plaintiff pursuant to the Fair Debt Collection Practices Act. A copy of that letter is affixed to this complaint as Attachment 1 hereto.

9. The aforesaid letter (Attachment 1) was received by the defendant on June 9, 2012.

10. On June 9, 2012 the plaintiff sent her own cease contact letter to the defendant, specifically identifying the account the defendant was seeking to collect from the plaintiff and demanding the defendant not contact her any further. A copy of that letter is affixed to this complaint as Attachment 2 hereto.

11. The aforesaid letter (Attachment 2) was received by defendant on June 11, 2012.

12. The defendant refused to honor either of the cease contact letters it had received (attachments 1 and 2). The defendant continued with regularity to place telephone calls to the plaintiff concerning the account which it was seeking to collect, throughout the month of June and well into the month of July, 2012.

13. Upon information and belief, the defendant ceased its collection telephone calls made to the plaintiff only when the account which it was seeking to collect was recalled by the owner of the account, Vantage Pointe. This occurred in July, 2012.

14. On June 20, 2012 the defendant mailed to plaintiff's counsel a communication bearing the date of June 19, 2012, addressed to the plaintiff herself, specifically threatening further "collection efforts" unless payment in full was forwarded immediately. A copy of that communication, and of the envelope in which it was mailed, is affixed to this complaint as Attachment 3.

15. The repeated telephone calls placed by defendant in its effort to reach the plaintiff, which continued with regularity into the month of July, 2012, caused the plaintiff stress, anguish and worry. Although she was still paying regularly on the agreement she had set up with the Nashville law firm for payment of the indebtedness, the repeated contacts by the defendant left her uncertain and worried about what further collection efforts would be made against her.

*Cause of Action: Violations of Fair Debt Collection Practices Act*

16. Plaintiff incorporates by reference Paragraphs 1 through 15 of this complaint, as though the same were fully set forth herein.

17. The defendant is a debt collector, subject to the provisions of the Fair Debt Collection Practices Act at15 USC §§ 1692a et seq.

18. The defendant violated the provisions of the Fair Debt Collection Practices Act at 15 U.S.C. § 1592c(c) by repeatedly contacting or attempting to contact the defendant by telephone concerning the account which it was seeking to collect, even after having received two separate written notices from or on behalf of the defendant demanding that its collection contacts with the plaintiff cease.

3

Case 3:13-cv-00571   Document 1   Filed 06/13/13   Page 3 of 4 PageID #: 3

19. Each contact or attempt to contact the plaintiff made by the defendant after it received the cease contact notices constituted a separate violation of the Fair Debt Collection Practices Act, extending through and including the final phone call made by the defendant in July, 2012.

20. For its repeated contacts or attempts to contact the defendant after having received the cease contact notices, the defendant is liable to plaintiff for such damages as shall be proved in this case, plus additional damages in the amount of $1,000.00, as provided at 15 U.S.C. § 1692k(a).

21. The defendant is further liable to the plaintiff for the costs of this action plus a reasonable attorney fee, as provided at 15 U.S.C. § 1692k(a).

***WHEREFORE, Plaintiff prays:***

1. That she have and recover from the defendant such actual damages as shall be proved, plus additional damages in the amount of $1,000.00, plus a reasonable attorney fee and costs of suit, pursuant to the provisions of 15 U.S.C. § 1692k.

2. That plaintiff have such other and further relief as may appear to the Court to be just and proper.

Respectfully Submitted,

_____
David J. Tarpley, BPR #4059
Legal Aid Society of Middle Tennessee
 and the Cumberlands
300 Deaderick Street
Nashville, TN 37201
615-780-7113

*Attorney for Plaintiff*